IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 1 6 2007

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____, DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No.  CR-07-023-R |
| | ) |
| JEREMY VAUGHN PINSON, | ) |
| | ) |
| Defendant. | ) |

## PLEA AGREEMENT

### Introduction

1.    This document contains the entire plea agreement between defendant, **Jeremy Vaughn Pinson**, and the United States through its undersigned attorney.  No other agreement or promise exists, nor may any additional agreement be entered into unless in writing and signed by all parties.  Any unilateral modification of this agreement is hereby rejected by the United States.  This agreement applies only to the criminal violations described and does not apply to any civil matter or any civil forfeiture proceeding except as specifically set forth.  This agreement binds only the United States Attorney's Office of the Western District of Oklahoma and does not bind any other federal, state or local prosecuting, administrative or regulatory authority.  If defendant does not accept the terms of

this agreement by **March 16, 2007, at 5:00 P.M.** the offer is withdrawn.

## Guilty Plea

2. Defendant agrees to enter a plea of guilty to the Superseding Information making False, Fictitious Statements in violation of Title 18, United States Code, Section 1001(a)(2) and to Count 2, mailing a threatening communication in violation of Title 18, U.S.C. § 876(c).

To be found guilty of violating Count One as charged in the Superseding Information, defendant must admit that:

a. Defendant made a false and fraudulent statement or representation to the government; specifically that his statement to Deputy United States Marshal Chuck McNeil on December 7, 2006, that a defendant in a pending Federal criminal case, at sentencing, was going to kill a United States District Judge;

b. Defendant made the statement knowing it was false;

c. The statement was made willfully, deliberately, voluntarily and intentionally;

d. The statement was made in a matter within the jurisdiction of the executive branch of the United States Government, and

e. The statement was material to the United States Marshal's Service.

- 2 -

To be found guilty of violating Count Two as charged in the Superseding Information, defendant must admit that:

a.    the defendant knowingly caused to be deposited in the mail, for delivery by the United States Postal Service, a communication containing a threat, as charged;

b.    the defendant did so knowingly and willingly.

### Maximum Penalty, Restitution and Special Assessments

3.    The maximum penalty that could be imposed as a result of a plea to Count One is not more than five years imprisonment or a fine of $250,000.00 or both such fine and imprisonment, as well as a mandatory special assessment of $100.00, and a term of supervised release of not more than three years.   The maximum penalty that could be imposed as to Count Two is not more than ten years imprisonment or a fine of $250,000.00, or both, (Pursuant to 18 U.S.C. § 3571) as well as a mandatory special assessment of $100.00, and term of supervised release of not more than three years.

4.    Defendant agrees to pay the special assessment due the United States to the Office of the United States Court Clerk immediately following sentencing.   Defendant understands that any fine or restitution ordered by the Court is immediately due unless the Court provides for payment on a date certain or in installments.

5.    For certain statutory offenses, the Court must also impose a term of supervised release, which defendant will begin to serve

after being released from custody. For all other offenses, the court may impose a term of supervised release to be served following release from custody. During the term of supervised release, defendant will be subject to conditions that will include prohibitions against violating local, state or federal law, reporting requirements, restrictions on travel and residence, and possible testing for controlled substance use. If defendant violates the conditions of his supervised release, the Court may revoke his supervised release, and sentence him to an additional term of imprisonment. This additional term of imprisonment would be served without credit for the time defendant successfully spent on supervised release. When combined, the original term of imprisonment and any subsequent term of imprisonment the Court imposes may exceed the statutory maximum prison term allowable for the offense.

## Sentencing Guidelines

6.     The parties acknowledge that Title 18, United States Code, Section 3553(a), directs the Court to consider certain factors in imposing sentence, including the Sentencing Guidelines promulgated by the United States Sentencing Commission. Consequently, although the parties recognize that the Sentencing Guidelines are only advisory, they have entered into certain stipulations and agreements with respect to the Guidelines. Based upon the information that is known to the parties on the date this

agreement is executed, they expect to take, but are not limited to, the following positions at sentencing: The parties agree defendant should receive a 2-level downward adjustment for acceptance of responsibility pursuant to USSG §3E1.1(a), if he commits no further crimes and fully complies with all of the other terms of this agreement. Further, to the extent the Court finds defendant qualifies for that 2-level downward adjustment and USSG §3E1.1(b) is applicable, the government agrees to move for the additional 1-level downward adjustment of §3E1.1(b), if defendant accepts the terms of this plea agreement by the deadline established in Paragraph 1.

Apart from any expressed agreements and stipulations, the parties reserve the right to advocate for, and present evidence relevant to, other guideline adjustments and sentencing factors for consideration by the U.S. Probation Office and the Court.

The parties have entered into this plea agreement under the provisions of Rule 11(c)(1)(B). Defendant also acknowledges and understands that the Court is not bound by, nor obligated to accept, these stipulations, agreements, or recommendations of the United States or defendant. And, even if the Court rejects one or more of these stipulations, agreements, or recommendations, that fact alone would not allow defendant to withdraw his plea of guilty. It is the expectation of the United States that its criminal investigation of defendant's conduct (as opposed to the wrongdoing of others) will

cease upon the signing of this plea agreement. However, subject to the terms and conditions of this plea agreement (particularly the conditions concerning §1B1.8 set out in paragraph 11), the United States expressly reserves the right to take positions that deviate from the foregoing stipulations, agreements, or recommendations in the event that material credible evidence requiring such a deviation is discovered during the course of the United States' investigation subsequent to the signing of this agreement or arises from sources independent of the United States, including the U.S. Probation Office.

## OTHER

7. In the Pre-Sentence Report prepared in CR-06-114, the United States Probation Office has, at paragraphs 122-124, identified factors which may constitute a basis for an upward departure from the calculated sentencing guideline range. The government agrees, in return for the signing of the Plea Agreement in CR-07-023-R, not to file a Motion For Upward Departure in CR-06-114.

## Waiver of Right to Appeal and Bring Collateral Challenge

8.    Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining his sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which he is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give him the right to appeal the judgment and sentence imposed by the Court.    Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:

a.    Appeal or collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction, including but not limited to any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

b.    Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the

- 7 -

positions of the United States or defendant set forth in paragraph 7.

      c.   It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

    9.   The United States agrees to waive its right under 18 U.S.C. § 3742 to appeal the sentence imposed by the Court and the manner in which the sentence was determined, provided defendant's sentence is within the advisory guideline range determined by the Court to apply to this case. By this agreement, the United States specifically does not waive its right to appeal a sentence below the advisory sentencing guideline range determined by the Court to apply to this case.

### Obligations of Defendant

    10.   Defendant shall commit no further crimes.

    11.   It is understood that, should defendant commit any further crimes or should it be determined that he has knowingly given false, incomplete, or misleading testimony or information, or should he otherwise violate any provision of this agreement, the United States may declare this agreement null and void and prosecute defendant for any and all his federal criminal violations, including perjury and obstruction of justice. Any such prosecution that is not time-barred by the applicable statute of limitations on the date of the signing

of this agreement may be brought against defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement of such prosecution. Defendant hereby waives all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed.

## The Obligations of the United States

12. If defendant enters pleas of guilty as described above and fully meets all obligations under this agreement, the United States will move to dismiss, at sentencing, the Indictment in Case No. CR-07-023-R. The government further agrees that defendant will not be prosecuted for any other crimes detailed in his letter on February 5, 2007 to the Chief Judge of the District Court. This agreement does not provide any protection against prosecution for any crime not specifically described above.

13. It is understood that the sentence to be imposed upon defendant is within the sole discretion of the Court. The United States does not make any promise or representation as to what sentence defendant will receive. The United States reserves the right to inform the Probation Office and the Court of (a) the nature and extent of defendant's activities with respect to this case and all other activities of defendant which the United States deems

- 9 -

relevant to sentencing, and (b) the nature and extent of defendant's cooperation with the United States.

## Signatures

14.   By signing this agreement, defendant acknowledges that he has discussed its terms with his attorney and understands and accepts those terms.   Further, defendant acknowledges that this document contains the only terms of the agreement concerning his plea of guilty in this case, and that there are no other deals, bargains, agreements, or understandings which modify or alter these terms.

Dated this ___15___ day of March, 2007.


**APPROVED:**

_____
KERRY A. KELLY
Chief, Criminal Division




_____
JEREMY VAUGHN PINSON

JOHN C. RICHTER
United States Attorney

_____
JAMES F. ROBINSON
Assistant U.S. Attorney
Bar Number: 7677
Western District of Oklahoma
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma   73102
(405) 553-8744 (Office)
(405) 553-8888 (Fax)
Jim.Robinson@usdoj.gov

_____
JOSEPH L. WELLS
Attorney For Defendant
Bar Number: 9470
3955 Northwest 23rd Street
Oklahoma city, OK 73107
(405) 942-8800 (Office)
(405) 947-1937 (Fax)
joewells@swbell.net

- 10 -