# United States District Court
## Western District Of Oklahoma

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| V. | Case Number: CR. 07-23-1-R |
| JEREMY VAUGHN PINSON | USM Number: 16267-064 |
| | Joseph L. Wells |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) __One (1) and Two(2)__.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1001(a)(2) | False statement; a Class D felony. | December 7, 2006 | 1 |
| 18:876(c) | Threat to a juror, a Class C felony | " | |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.

☒ Count(s) __The Indictment__ ☒ is ☐ are dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

__April 2, 2007__
Date of Imposition of Judgment

*/s/ David L. Russell*
Signature of Judge

DAVID L. RUSSELL, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

__April 2, 2007__
Date Signed

ENTERED ON JUDGMENT DOCKET ON

DEFENDANT: PINSON, Jeremy Vaughn
CASE NUMBER: CR. 07-23-1-R

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 180 months; 60 months on Count 1 and 120 months on Count 2 to run consecutively to one another. Said sentence to run consecutively to sentence imposed in Cr. 06-114-R this same date, which was 60 months.

☒ The court makes the following recommendations to the Bureau of Prisons:

> That the defendant be incarcerated at FCI Butner, North Carolina, if appropriate and eligible. It is recommended that the defendant participate in the Residential Drug Abuse Program while incarcerated. It is also recommended that the defendant participate in the Inmate Financial Responsibility Program at a rate determined by BOP staff in accordance with the requirements of the Inmate Financial Responsibility Program.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
    ☐ by 12:00 noon on _____.
    ☐ as notified by the United States marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ by 12:00 noon on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
          Deputy Marshal

DEFENDANT: PINSON, Jeremy Vaughn
CASE NUMBER: CR. 07-23-1-R

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 2 years on each of Counts 1 & 2, to run concurrently to one another.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: PINSON, Jeremy Vaughn
CASE NUMBER: CR. 07-23-1-R

## ADDITIONAL SUPERVISED RELEASE TERMS

☒ The defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer. The defendant shall totally abstain from the use of alcohol or any other intoxicants both during and after completion of any treatment program. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☒ The defendant shall participate in a program of mental health aftercare at the direction of the probation officer. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ shall participate in the home confinement program for a period of ___ days. During this time the defendant shall remain at his/her place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at his/her place of residence without call forwarding, modem, caller ID, answering machine, call waiting or portable cordless telephone for the above period. At the direction of the probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer. The defendant shall promptly pay $3.47 per day directly to the monitoring company for each day he/she is in the home confinement program as directed by the probation officer. In the event the defendant is unable to pay the full daily rate, he/she may be required to contribute to the monitoring costs in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ The defendant shall complete _____ hours of community service during the first year of supervised release at the direction of the probation officer.

☐ The defendant is not deemed a candidate for community service.

☐ The defendant shall maintain a single checking account in his/her name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

☐ The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

☐ The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away or otherwise convey any asset, without first consulting with the probation officer.

☐ If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

☐ The defendant shall, upon request of the probation officer, authorize release of any and all financial information, to include income records, income tax records, and social security records, by execution of a release of financial information form, or by any other appropriate means.

☐ the defendant shall notify the court and the Attorney General of any material change in economic circumstances that might affect the defendant's ability to pay a fine and/or restitution.

☐ The defendant shall submit to a sex offender mental health assessment and a program of sex offender mental health treatment as directed by the U.S. probation officer, until such time as the defendant is released from the program by the probation officer. This assessment and treatment may include the plethsmography and polygraph to assist in planning and case monitoring. The defendant may be required to contribute to the cost of services rendered (co-payment) in an amount to be determined by the probation officer, based on the defendant's ability to pay. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.

DEFENDANT: PINSON, Jeremy Vaughn
CASE NUMBER: CR. 07-23-1-R

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $100.00 on each Ct. For $200 | $-0- | $-0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**         $_____         $_____

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: PINSON, Jeremy Vaughn
CASE NUMBER: CR. 07-23-1-R

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒ Lump sum payment of $2<u>00.00</u> due immediately, balance due
    ☐ not later than _____, or
    ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

If restitution is not paid in full at the time of release from confinement, the defendant shall make payments the greater of $ per month or not less than 10% of the defendant's gross monthly income as directed by the probation officer. Payments are to commence not later than 30 days after release from confinement. Payments shall be forwarded to the U.S. Court Clerk for distribution to the victim(s).

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐     Joint and Several
      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐     The defendant shall pay the cost of prosecution.

☐     The defendant shall pay the following court cost(s):

☐     The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.