```
 1               IN THE UNITED STATES DISTRICT COURT
 2             FOR THE WESTERN DISTRICT OF OKLAHOMA
 3
 4  UNITED STATES OF AMERICA,
 5          Plaintiff,
 6  vs.                            Case No. CR-07-23-R
 7  JEREMY VAUGHN PINSON,
 8          Defendant.
 9  -----------------------------
10
11
12
13                      TRANSCRIPT OF PLEA
14         BEFORE THE HONORABLE DAVID L. RUSSELL,
15              UNITED STATES DISTRICT JUDGE
16                     MARCH 16, 2007
17
18
19
20
21
22  APPEARANCES:
23  FOR THE GOVERNMENT:      MR. JAMES ROBINSON
                             Asst. United States Attorney
24
    FOR THE DEFENDANT:       MR. JOE WELLS
25                           Attorney at Law
```

*Alana S. LaGrow, RDR, CRR*
United States Court Reporter
3011 U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5103

PDF created with pdfFactory trial version www.pdffactory.com

```
 1        (PROCEEDINGS HAD MARCH 16, 2007.)
 2             THE COURT:  This is United States vs. Jeremy Vaughn
 3   Pinson, CR-07-23.  Will the parties make their appearance for
 4   the record, please.
 5             MR. ROBINSON:  James Robinson for the government.
 6             MR. WELLS:  Joe Wells on behalf of Mr. Pinson.  He is
 7   in the courtroom ready to proceed.
 8             THE COURT:  If defendant and counsel will go to the
 9   podium, please.
10        Are you Mr. Jeremy Vaughn Pinson?
11             DEFENDANT PINSON:  Yes, I am, Your Honor.
12             THE COURT:  That's your true and correct name?
13             DEFENDANT PINSON:  Yes, it is, Your Honor.
14             THE COURT:  What's your age, Mr. Pinson?
15             DEFENDANT PINSON:  Twenty-one, Your Honor.
16             THE COURT:  It's my understanding it's your intention
17   to enter a plea of guilty today; is that correct?
18             DEFENDANT PINSON:  That's correct, Your Honor.
19             THE COURT:  The clerk will swear in the defendant.
20        (DEFENDANT SWORN.)
21             THE COURT:  Mr. Pinson, as we go through this
22   proceeding, if there's anything at all that you don't
23   understand, don't hesitate to stop me and I'll be glad to
24   explain it or certainly Mr. Wells will.
25             DEFENDANT PINSON:  Okay.
```

*Alana S. LaGrow, RDR, CRR*
United States Court Reporter
3011 U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5103

PDF created with pdfFactory trial version www.pdffactory.com

```
 1              THE COURT:  Have you been furnished a copy of the
 2   charges against you?
 3              DEFENDANT PINSON:  Yes, I have, Your Honor.
 4              THE COURT:  The government will state the charge and
 5   the maximum punishment.
 6              MR. ROBINSON:  Your Honor, this is a two-count
 7   superseding information which charges that on the date of
 8   December of 6, 2006, in the Western District of Oklahoma,
 9   Mr. Pinson made a false statement to a Deputy United States
10   Marshal regarding a letter he had written to a district court
11   judge in this courthouse, in violation of Title 18 United
12   States Code Section 1001(a)(3).  Maximum punishment upon a plea
13   of guilty, Your Honor, would be imprisonment not to exceed five
14   years, a term of supervised release not to exceed three years,
15   a $250,000 fine, and a $100 special assessment.  If I didn't
16   say it, the term of supervised release is not more than three
17   years.
18        Count 2 --
19              THE COURT:  Excuse me.  What's the consequence of
20   violation of supervised release?
21              MR. ROBINSON:  Your Honor, if the defendant is put on
22   supervised release and he violates that supervised release, he
23   could be sentenced to an additional term of imprisonment
24   without credit for any kind of time served for supervised
25   release, and the total amount of incarceration could exceed the
```

*Alana S. LaGrow, RDR, CRR*
United States Court Reporter
3011 U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5103

PDF created with pdfFactory trial version www.pdffactory.com

```
 1  statutory maximum.
 2       Count 2 alleges, February 5, 2007, within the Western
 3  District of Oklahoma, Mr. Pinson knowingly caused to be
 4  delivered of the United States Postal Service a letter
 5  addressed to the chief judge of the Western District of
 6  Oklahoma sent to the United States courthouse, a letter
 7  contained a threat to injure an individual who had served as
 8  juror in Case Number CR-06-114-R, styled United States of
 9  America vs. Jeremy Vaughn Pinson, in violation of Title 18
10  United States Code Section 876(c).  The maximum punishment to
11  this count, Your Honor, would be imprisonment not to exceed ten
12  years, a fine not to exceed $250,000, or both such fine and
13  imprisonment, a supervised release of not more than three
14  years, and a $100 special assessment.  A violation of the term
15  of supervised release of this count, Your Honor, would be the
16  same previously announced in Count 1.
17           THE COURT:  You understand now both the charges
18  against you and the maximum punishment?
19           DEFENDANT PINSON:  Yes, I do, Your Honor.
20           THE COURT:  You understand, by pleading guilty to
21  this information, you're waiving your right to have these
22  matters presented to a grand jury?
23           DEFENDANT PINSON:  Yes.
24           THE COURT:  Let me explain.  A grand jury is a body
25  of from 16 to 23 citizens of the Western District.  Before they
```

*Alana S. LaGrow, RDR, CRR*
United States Court Reporter
3011 U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5103

PDF created with pdfFactory trial version www.pdffactory.com

```
 1  could charge you with these charges or any other charges, at
 2  least 12 of those persons would have to find probable cause
 3  that a crime was committed and that you committed it.  Do you
 4  understand that?
 5            DEFENDANT PINSON:  Yes, Your Honor.
 6            THE COURT:  All right.  You have executed a -- I
 7  believe -- is there a waiver of indictment?  Is there not a
 8  waiver of indictment?
 9            MR. ROBINSON:  I apologize, Your Honor.
10            MR. WELLS:  We have signed a waiver of jury, but not
11  a waiver of indictment yet.  We can do that on the record, if
12  need be, Judge.
13            THE COURT:  We've got a form here.
14            THE CLERK:  I don't think I have the form for
15  indictment.  I have jury, but I don't have indictment.
16            THE COURT:  We need that.  Let's take a brief break
17  and get that prepared and -- do we have the form in our
18  office?  Do you know?  We can find one.
19            MR. ROBINSON:  I'll find one.
20            THE COURT:  Let's take a short break.
21         (SHORT RECESS HAD.)
22            THE COURT:  All right.  Defendant -- go ahead and go
23  back to the podium, if you would.
24       Defendant has signed a waiver of indictment, which will be
25  filed in the case.
```

*Alana S. LaGrow, RDR, CRR*
United States Court Reporter
3011 U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5103

PDF created with pdfFactory trial version www.pdffactory.com

1    Mr. Pinson, have you told your lawyer all the facts and
2    circumstances known to you about the charges and do you believe
3    he's been fully informed on all such matters?
4            DEFENDANT PINSON:  I have, Your Honor.
5            THE COURT:  Do you understand that you have a right
6    to a jury trial and that you and you alone may waive, that is,
7    give up that right?
8            DEFENDANT PINSON:  Yes, I do, Your Honor.
9            THE COURT:  You understand you have a right to plead
10   not guilty to any offense charged against you, and if you do
11   plead not guilty, the Constitution guarantees you the following
12   things:  The right to a speedy and a public trial by a jury; at
13   trial, and at all stages the proceedings, the right to the
14   assistance of an attorney; the right to see and hear all the
15   witnesses called to testify against you and the right to cross-
16   examine those witnesses; the right to use the power and the
17   process of the Court to compel the production of any evidence,
18   including the attendance of any witnesses in your favor; and
19   the right not to be compelled to incriminate yourself by taking
20   the witness stand.  And if you do not take the witness stand,
21   no inference of guilt may be drawn from your failure to do so.
22   Furthermore, to convict you, all 12 of the jury members would
23   have to agree unanimously beyond a reasonable doubt that you
24   are guilty, and if you waive jury trial, the Court will
25   determine your guilt or innocence.  Do you understand all those

PDF created with pdfFactory trial version www.pdffactory.com

```
 1  rights?
 2              DEFENDANT PINSON:  Yes, I do, Your Honor.
 3              THE COURT:  You understand, if you plead guilty,
 4  you're thereby waiving your right to a trial, and there will be
 5  no further trial of any kind, either before a court or a jury,
 6  and you understand the Court could impose the same punishment
 7  as if you had pleaded not guilty, stood trial, and been
 8  convicted?
 9              DEFENDANT PINSON:  Yes, Your Honor.
10              THE COURT:  You understand, if you plead guilty, the
11  Court will ask you questions about the events or offenses to
12  which you have pleaded guilty, and since you'll be answering
13  those questions under oath, on the record, in the presence of
14  your attorney, your answers may later be used against you in a
15  prosecution for perjury or false statement if your answers are
16  not true.
17              DEFENDANT PINSON:  Yes, Your Honor.
18              THE COURT:  You understand, if you're presently on
19  probation or parole or supervised release, in this or any other
20  court, by pleading guilty here, your probation or parole or
21  supervised release may be revoked and you may be required to
22  serve time in that case, which will be consecutive, that is, in
23  addition to any sentence imposed by the Court in this case.
24              DEFENDANT PINSON:  Yes, Your Honor.
25              THE COURT:  Is your plea of guilty made voluntarily
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1  and completely of your own free choice?
 2              DEFENDANT PINSON:  Yes, it is, Your Honor.
 3              THE COURT:  Have you been forced or threatened in any
 4  way or promised anything by any person to plead guilty?
 5              DEFENDANT PINSON:  No, I have not.
 6              THE COURT:  Has any officer or agent of any branch of
 7  the government, federal, state or local, promised, suggested or
 8  predicted, that you'll receive a lighter sentence or probation
 9  or any other form of leniency in return for your plea of
10  guilty?
11              DEFENDANT PINSON:  No, they have not, Your Honor.
12              THE COURT:  You understand the sentence you'll
13  receive is solely a matter within control of the judge, and
14  while the Court assumes you hope to receive leniency, are you
15  prepared to accept any punishment permitted by law which the
16  Court sees fit to impose?
17              DEFENDANT PINSON:  Yes, Your Honor.
18              THE COURT:  In this regard, Mr. Pinson, I know you're
19  aware of the Sentencing Guidelines, and when I say the sentence
20  is totally a matter within control of the judge, we have to pay
21  at least some deference to those Sentencing Guidelines, but
22  ultimately must -- must fashion a sentence which is fair and
23  reasonable under all the circumstances.  Do you understand
24  that?
25              DEFENDANT PINSON:  Yes, Your Honor.
```

PDF created with pdfFactory trial version www.pdffactory.com

1    THE COURT: There is a plea agreement in the case.
2 Is the net result of that plea agreement that in return for
3 Mr. Pinson's plea to this two-count information, other charges
4 that might have been brought would not be brought and no other
5 charges arising out of this investigation would be brought?
6    MR. WELLS: Yes. And, also, Judge, on the current
7 indictment that Mr. Pinson is on, Count 1 will be dismissed.
8 He's currently on a two-count indictment and the second count
9 is now the first count in the superseding information. And so
10 that indictment itself is going to be dismissed and that's why
11 we're pleading to these two counts. And no other investigation
12 coming out of the letter to the chief judge that is part of
13 Count 2 that's going to be the -- I'm stuttering today -- the
14 investigation on that will be complete.
15    THE COURT: All right.
16    MR. WELLS: And also in regards to the case of
17 CR-114, which is the case that you've already had a trial on,
18 the government will not be moving for an upward departure in
19 that case and I believe that's it; is that right?
20    MR. ROBINSON: Yes, Your Honor.
21    THE COURT: Does it also include a waiver of appeal
22 rights?
23    MR. WELLS: Yes, sir, it does.
24    THE COURT: You understand, Mr. Pinson, if the Court
25 approves this plea agreement, you are forgoing, with some

PDF created with pdfFactory trial version www.pdffactory.com

```
 1  limited exceptions, your right to appeal?
 2          DEFENDANT PINSON:  Yes, I understand that.
 3          THE COURT:  Any questions about that at all?
 4          DEFENDANT PINSON:  None at all, Your Honor.
 5          THE COURT:  Thank you.  With that understanding, the
 6  Court will accept the plea agreement.
 7      Do you fully understand now that you have a right to plead
 8  not guilty and to persist in that plea?
 9          DEFENDANT PINSON:  Yes, Your Honor.
10          THE COURT:  Are you satisfied with the services of
11  your attorney?
12          DEFENDANT PINSON:  I am, Your Honor.
13          THE COURT:  Do you believe he has done all anyone can
14  do to counsel and assist you in this matter?
15          DEFENDANT PINSON:  Everything anyone could have.
16          THE COURT:  Are you presently under the influence of
17  alcohol or drugs?
18          DEFENDANT PINSON:  No, I'm not, Your Honor.
19          THE COURT:  If you are, somebody is in trouble.
20      Have you ever been confined in an institution for the
21  treatment of mental illness or ever been found mentally
22  incompetent or mentally ill?
23          DEFENDANT PINSON:  Yes, Your Honor.
24          THE COURT:  Have you actually been found mentally
25  incompetent or mentally ill --
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1            DEFENDANT PINSON:  Not mentally incompetent, but
 2   suffering from depression and other maladies, but not actually
 3   incompetent or anything of that matter.
 4            THE COURT:  Are you satisfied you understood what you
 5   were doing at the time of these alleged offenses?
 6            DEFENDANT PINSON:  I knew exactly what I was doing,
 7   Your Honor.
 8            THE COURT:  And are you satisfied you understand
 9   what's going on today?
10            DEFENDANT PINSON:  I understand everything that's
11   going on, sir.
12            THE COURT:  Do you have any doubt about that,
13   Mr. Wells?
14            MR. WELLS:  No.  As a matter of fact, on the record,
15   I would also inform the Court that I have -- the Court
16   authorized me to hire a psychologist to help in this case.  He
17   has reviewed the records.  He has also talked with Mr. Pinson
18   over at the county jail and I do anticipate using him at the
19   time of sentencing for mitigation purposes, but he informed me
20   that it is also his opinion that Mr. Pinson is very competent,
21   that he does have definite issues, but that he is competent to
22   understand what he was doing.
23            THE COURT:  With those representations, the Court
24   will find that Mr. Pinson was competent both at the time of the
25   alleged offense and at the present time.
```

PDF created with pdfFactory trial version www.pdffactory.com

```
 1        Understanding your rights, particularly your
 2   constitutional right to a trial by jury, is it now your wish to
 3   formally waive jury trial?
 4             DEFENDANT PINSON:  Yes, it is, Your Honor.
 5             THE COURT:  You have executed a waiver of jury
 6   trial --
 7             DEFENDANT PINSON:  I have, Your Honor.
 8             THE COURT:  -- and your waiver of jury trial is
 9   accepted.
10        Now, Mr. Pinson, understanding the nature of the charge
11   and the effect and consequences of your plea, how do you plead
12   to Count 1 of the information:  Guilty or not guilty?
13             DEFENDANT PINSON:  Guilty, Your Honor.
14             THE COURT:  And how do you plead to Count 2?
15             DEFENDANT PINSON:  Guilty, Your Honor.
16             THE COURT:  All right.  You understand the Court must
17   be satisfied there is a factual basis for your pleas before I
18   can accept them.  I've got to be satisfied you did what you're
19   pleading to; do you understand?
20             DEFENDANT PINSON:  Yes, Your Honor.
21             THE COURT:  Tell me what you did in regard to Count
22   1.
23             DEFENDANT PINSON:  Okay.  On the 7th of December,
24   2006, I spoke with Deputy United States Marshal Chuck McNeil,
25   and at the time I made false representations to him about
```

*Alana S. LaGrow, RDR, CRR*
United States Court Reporter
3011 U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5103

PDF created with pdfFactory trial version www.pdffactory.com

```
 1  another inmate plotting to kill a judge in this district.
 2  That's all, Your Honor.
 3            THE COURT:  And did you do that knowingly and
 4  willfully?
 5            DEFENDANT PINSON:  Yes, I did, Your Honor.
 6            THE COURT:  All right.  And in regard to Count 2,
 7  tell me what you did.
 8            DEFENDANT PINSON:  I mailed a letter to Chief Judge
 9  Robin Cauthron in which I stated I was going to injure a juror
10  that participated in my trial in CR-06-114-R.
11            THE COURT:  Did you do that knowingly and willfully?
12            DEFENDANT PINSON:  I did, Your Honor.
13            THE COURT:  Anything else from the government?
14            MR. ROBINSON:  No, Your Honor.
15            THE COURT:  And those both occurred here in Oklahoma
16  City?
17            DEFENDANT PINSON:  Yes, they did, Your Honor -- well,
18  actually, they occurred in Chickasha, Oklahoma.
19            MR. WELLS:  But that is in the Western District,
20  Judge.
21            THE COURT:  All right.  Mr. Pinson, based upon your
22  admissions and your demeanor and your clear and responsive
23  answers to my questions, the Court finds there is a factual
24  basis for your pleas of guilty, that your pleas are made
25  voluntarily with your understanding of the charges against you
```

PDF created with pdfFactory trial version www.pdffactory.com

1  and with your knowledge of the consequences of your pleas.  The
2  Court, therefore, accepts both your waiver of jury trial and
3  your pleas of guilty and finds you are guilty as charged in
4  Counts 1 and 2.
5       Your case will now be referred to the probation officer
6  for a presentence investigation and report and I would ask your
7  cooperation in assisting them in preparing that report.  You'll
8  be afforded all your rights in the Federal Rules of Criminal
9  Procedure to see and review the report prior to your
10 sentencing.
11      Any questions?
12           MR. WELLS:  Yes.  At this point in time, Your Honor,
13 I have spoken with Mr. Robinson on this, and we are
14 requesting -- or I am requesting, and I believe it's without
15 objection, Mr. Pinson, in his Case No. 114 --
16           THE COURT:  Sentence together?
17           MR. WELLS:  Be sentenced, which is set for March
18 29th, and I have talked with Ms. Isbell, I'm asking the Court
19 to use and incorporate the presentence report that is already
20 done in that Case No. 114 into this case.  The only thing that
21 will have to be changed is the criminal history.  There's
22 nothing else been changed.  I asked Ms. Isbell if she believed,
23 if the Court orders it, if she could have that done so that we
24 could be sentenced on March 29th.  She believed that would be
25 possible.

PDF created with pdfFactory trial version www.pdffactory.com

1    THE COURT:  Is that reasonable?
2    PROBATION OFFICER:  Yes, Your Honor.
3    MR. WELLS:  I'm asking this Court to go ahead and set
4    this matter on the 29th so that Mr. Pinson can be sentenced on
5    everything on that --
6    THE COURT:  We'll do it.
7    MR. WELLS:  And that will save a lot of court time
8    and it will also help get things done.
9    THE COURT:  We'll do it.
10   MR. WELLS:  Thank you.
11   THE COURT:  Court will be in recess.
12   (COURT IN RECESS.)
13                    REPORTER'S CERTIFICATE
14
15   I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
     TRANSCRIPT OF PROCEEDINGS:
16
17
18                                  _____
                                    S/ *Alana LaGrow, RDR, CRR*
19                                  United States Court Reporter
                                    Western District of Oklahoma
20
21
22
23
24
25

*Alana S. LaGrow, RDR, CRR*
United States Court Reporter
3011 U.S. Courthouse, 200 N.W. 4th St.
Oklahoma City, OK 73102 * 405.609.5103

PDF created with pdfFactory trial version www.pdffactory.com